# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DESMOND GREEN, | * |
| Plaintiff, | * |
| v. | * |
|  | *      Civil No. 25-2687-BAH |
| TRANS UNION, LLC, ET AL., | * |
| Defendants. | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Desmond Green ("Plaintiff") brought suit against Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and AmeriCredit Financial Services, Inc., d/b/a GM Financial[1] ("GM Financial") (collectively, "Defendants"), alleging violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ECF 1. Pending before the Court is GM Financial's motion to compel arbitration (the "Motion"). ECF 9. Plaintiff filed an opposition, ECF 14, and GM Financial filed a reply, ECF 16. All filings include memoranda of law, and the Motion includes exhibits.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, GM Financial's Motion is **GRANTED in part.**

---

[1] AmeriCredit Financial Services, Inc., d/b/a GM Financial, is incorrectly sued as AmeriCredit/GM Financial, Inc. The Court will direct the Clerk to revise this Defendant's name on the docket.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I.    BACKGROUND

On August 22, 2016, Plaintiff entered into a retail installment sales contract with Wilkins Buick GMC to finance the purchase of a 2013 Cadillac ATS.  ECF 9-2 (declaration of Nicole Jordan, Assistant Vice President for GM Financial), at 3 ¶ 7.  The contract contains an arbitration provision, which reads in relevant part as follows:

### ARBITRATION PROVISION

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

**1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

**2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

**3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*Id.* at 7 (copy of the retail installment sales contract).  Wilkins Buick GMC immediately transferred the interest in the vehicle contract to GM Financial.  *Id.* at 3 ¶ 9.

Plaintiff filed suit on August 14, 2025, bringing FCRA claims involving the "trade line concerning [his] GM Financial automobile account." ECF 1, at 3.  GM Financial filed the motion to compel arbitration, ECF 9, which is now ripe for disposition.

2

## II.   **LEGAL STANDARD**

### A.   **Federal Rule of Civil Procedure 56**

"Where, as here, the formation or validity of the arbitration agreement is in dispute, a motion to compel arbitration is treated as one for summary judgment." *Caire v. Conifer Value Based Care, LLC*, 982 F. Supp. 2d 582, 589 (D. Md. 2013) (citing *Shaffer v. ACS Gov't Servs., Inc.*, 321 F.Supp.2d 682, 683 (D. Md. 2004)); *see also Cherdak v. ACT, Inc.*, 437 F. Supp. 3d 442, 454 (D. Md. 2020) (holding that "[t]reating a motion to compel arbitration as a motion for summary judgment is proper where the formation or validity of the arbitration agreement is in dispute . . . or where documents outside the pleadings must be considered") (internal citations omitted).  Under Rule 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.*  When considering a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in that party's favor. *Id.* at 255 (citation omitted).  However, the Court may rely only on facts supported in the record. *See Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003).  The Court may not rely upon unsubstantiated assertions in the pleadings. *Id.*

Because Plaintiff brings this suit pro se, the Court must liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or

3

extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## B.    The Federal Arbitration Act

Under Section 2 of the Federal Arbitration Act ("FAA"), an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.   While Section 2 has been interpreted as "a congressional declaration of a liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), the Supreme Court has been careful to clarify that "arbitration agreements [are] as enforceable as other contracts, but not more so." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)).

The FAA permits a party to an arbitration agreement to seek to compel another party to submit claims to arbitration. *See* 9 U.S.C. § 4.   In this regard, Section 4 of the FAA provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition . . . [a] district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.*  The statute also provides that, when presented with such a petition, the Court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* But, if the "making of the arbitration agreement" is at issue, "the [C]ourt shall proceed summarily to the trial thereof." *Id.*

## III.    ANALYSIS

GM Financial contends that Plaintiff must be compelled to arbitrate his claims because "[t]he claims asserted by Plaintiff in this action fall squarely within the scope of the arbitration agreement in the Contract." ECF 9-1, at 2.

In the Fourth Circuit, a litigant can compel arbitration under the FAA if the litigant can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [party avoiding arbitration] to arbitrate the dispute." *See Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002). The question of "[w]hether a party has agreed to arbitrate an issue is a matter of contract interpretation: '[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Levin v. Alms and Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011) (brackets in original) (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 92 (4th Cir. 1996) (citation omitted)). And so, "where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010); *see also Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019) (stating that Section 4 of the FAA "requires that the district court—rather than the arbitrator—decide whether the parties have formed an agreement to arbitrate"). But "[a] district court . . . has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500 (citing *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)).

GM Financial argues that all four elements to compel arbitration are met. ECF 9, at 6–12. Plaintiff contests only the second element and argues that he and GM Financial did not form a

valid arbitration agreement. ECF 14, at 1. Specifically, Plaintiff contends that the arbitration agreement is unconscionable. *Id.* Plaintiff also argues that GM Financial forfeited the right to enforce the contract by breaching the contract, *id.* at 2, and that compelling arbitration would undermine Congress' intent under the FCRA, *id.* at 3. The Court addresses these arguments in turn.

"Under Maryland law, an unconscionable contract is void."[3] *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 256 (D. Md. 2011) (citing *Walther v. Sovereign Bank*, 872 A.2d 735, 743 (Md. 2005)). "Maryland courts require [] a showing of procedural unconscionability—'one party's lack of meaningful choice' in making the contract—and substantive unconscionability— contract terms that 'unreasonably favor' the more powerful party—to void the contract." *Id.* (quoting *Walther*, 872 A.2d at 744).

Plaintiff first argues that the arbitration clause is procedurally unconscionable because it is "buried in boilerplate language" and was "never explained" to him. ECF 14, at 2. This argument is unpersuasive. "When assessing whether an arbitration clause is procedurally unconscionable, the Court must determine whether the agreement was reached in a manner that was egregiously unfair." *Klein v. Sinclair Broad. Grp., Inc.*, Civ. No. PX-21-00476, 2021 WL 5326467, at *5 (D. Md. Nov. 16, 2021). The evidence here does not demonstrate any such unfairness. Contrary to Plaintiff's assertion, the arbitration provision in question is not buried but rather set off from the remainder of the contract in a conspicuous boxed-in section titled **"ARBITRATION PROVISION."** ECF 9-2, at 7 (emphasis in original). "Maryland courts have held that 'the failure

---

[3] It is undisputed that Maryland law governs the contract. *See* ECF 9-2, at 7 (providing that "Federal law and Maryland law apply to this contract"); ECF 14, at 4 (asserting that Maryland law governs the contract); ECF 16, at 2 (applying Maryland law to GM Financial's analysis).

to highlight the binding nature of mediation and arbitration clauses or the significance of what the applicant is being compelled to waive' can 'support[] a finding of a procedural unconscionability.'" *Taylor v. Sunrun Inc.*, Civ. No. JKB-25-1381, 2025 WL 2402760, at *7 (D. Md. Aug. 19, 2025) (quoting *Rankin v. Brinton Woods of Frankford, LLC*, 211 A.3d 645, 657 (Md. App. 2019)). "But this provision contains no such defect." *Id.* Under the title, the reader is explicitly directed to "**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS.**" ECF 9-2, at 7 (emphasis in original). Plaintiff's argument that the arbitration provision was "never explained" to him is likewise unconvincing. That is because the "law presumes that a person knows the contents of a document that he executes and understands at least the literal meaning of its terms." *Rose*, 816 F. Supp. 2d at 256 (quoting *Walther*, 872 A.2d at 745). Moreover, the arbitration provision explains in clear terms its potential significance to the contract. *See e.g.*, ECF 9-2, at 7 ("**EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**"); *cf. Klein*, 2021 WL 5326467, at *5 (rejecting argument that an arbitration provision was procedurally unconscionable where the provision was "clearly and obviously identifiable to a layperson" and spelled out the terms of arbitration in plain language).

Plaintiff also argues that the agreement is procedurally unconscionable because it was presented within a "take-it-or-leave-it loan contract." ECF 14, at 2. "[C]ontracts of adhesion— those 'offered on a take-it-or-leave-it basis, with no opportunity for negotiation'" may be considered procedurally unconscionable under Maryland law. *Rose*, 816 F. Supp. 2d at 256–57 (quoting *Walther*, 872 A.2d at 746). However, "ample legal authority establish[es] that a 'take it or leave it' sort of arbitration agreement does not automatically render the agreement unconscionable." *Sedelnikova v. The Cheesecake Factory Rest., Inc.*, Civ. No. AW-09-2398, 2010

WL 2367387, at *6 (D. Md. June 7, 2010). And although Plaintiff asserts in a conclusory fashion that the contract was "take-it-or-leave-it," ECF 14, at 2, he does not offer any "allegations or evidence that he in fact attempted to negotiate the Agreement but was denied the opportunity to do so based on an imbalance in bargaining power." *Brown v. Brown's Maryland Motors, Inc.*, 607 F. Supp. 3d 620, 631 (D. Md. 2022); *cf. Rose*, 816 F. Supp. 2d at 257 (finding an arbitration agreement could be found to be a contract of adhesion where the plaintiffs "presented evidence that they were given the agreement in final form and had no part in drafting it"). Accordingly, Plaintiff has failed to show that the arbitration provision is procedurally unconscionable.

Plaintiff next asserts that the arbitration provision is substantively unconscionable because it lacks mutuality by "restricting Plaintiff to arbitration" while allowing GM Financial to "litigate in court." ECF 14, at 2. "As to substantive unconscionability, the Court must focus on the terms of the challenged provision to determine whether the provision is so one-sided or draconian that it must be voided as against public policy." *Klein*, 2021 WL 5326467, at *5. As GM Financial notes, Plaintiff's argument resting on lack of mutuality "is refuted by the plain language" of the arbitration provision. ECF 16, at 4. The provision plainly provides: "**EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION . . . .**" ECF 9-2, at 7. It also goes on to state that "[a]ny claim or dispute" "shall, at *your or our* election, be resolved by neutral, binding arbitration . . . ." *Id.* (emphasis added). Nevertheless, lack of mutuality does not necessarily render an arbitration agreement unconscionable. *Walther*, 872 A.2d at 748 ("[T]here need not exist an identical mutuality of remedy . . . before [an] arbitration agreement will be deemed valid."). Plaintiff offers no other argument as to the alleged substantive unconscionability of the arbitration provision to show that

8

it was one-sided or draconian in any way. For these reasons, Plaintiff has also failed to establish that the arbitration provision was substantively unconscionable.

Plaintiff's remaining arguments opposing arbitration likewise fail. Plaintiff argues that GM Financial "repeatedly violated the contract" and therefore "cannot rely on the arbitration provision" to compel arbitration. *Id.* at 2. "Because, however, 'an arbitration provision is severable from the remainder of a contract[,]' a breach of the Contract does not impact the enforceability of the arbitration provision." *Jefferson v. BMW Fin. Servs. NA, LLC*, Civ. No. DKC-24-2663, 2025 WL 1940350, at *5 (D. Md. July 15, 2025) (alteration in *Jefferson*) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010)). Plaintiff next argues that compelling arbitration "undermines Congress's intent and limits the remedies Congress provided" under the FCRA. However, the FAA establishes a "federal policy favoring arbitration" and requires that courts "rigorously enforce agreements to arbitrate." *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987). To show that this mandate is "overridden by a contrary congressional command," the party opposing arbitration must show that Congress "intend[ed] to limit or prohibit waiver of a judicial forum for a particular claim." *Id.* at 226–27. Here, Plaintiff fails to cite to any authority to show contrary congressional intent. Moreover, "other courts have recognized that claims arising under the FCRA . . . may be properly subject to arbitration." *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 348 (D. Md. 2015). The Court therefore concludes that Plaintiff must bring his claims against GM Financial to arbitration.

GM Financial accordingly moves to dismiss the claims against it. ECF 9-1, at 14. Plaintiff asks that the Court "allow [his] FCRA claims to proceed in this Court." ECF 14, at 4. In *Smith v. Spizzirri*, the Supreme Court held that "[w]hen a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court

does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." 601 U.S. 472, 475–76 (2024).  However, the Fourth Circuit has held that "*Smith* says nothing about what happens when the appealing party never requests a stay," and thus "'does not require' an appellate court to vacate a 'district court's dismissal order' under such circumstances." *Mod. Perfection, LLC v. Bank of Am., N.A.*, 126 F.4th 235, 244 (4th Cir. 2025) (quoting *National Cas. Co. v. Continental Ins.*, 121 F.4th 1151, 1153 (7th Cir. 2024)).

Here, Plaintiff does not specifically ask the Court to consider a stay despite Defendant's explicit request for dismissal. *See* ECF 14, at 4.  "However, because Plaintiff brings this suit pro se, certain leniency is required." *Adekson v. Comcast Cable Commc'ns, LLC*, 823 F. Supp. 3d 549, 560 (D. Md. 2026) (citing *Haines*, 404 U.S. at 520).  Given Plaintiff's pro se status, the Court liberally construes his request to allow his claims to proceed in federal court as one opposing dismissal and in favor of a stay.  *Cf. id.* (staying case pending arbitration based on a pro se plaintiff's request for the Court to set a hearing date).  Moreover, "[9 U.S.C.] § 3 provides only for a stay and does not permit dismissal unless 'there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration.'" *Miranda Sorto v. Carrols LLC*, Civ. No. DKC-23-2263, 2024 WL 2783906, at *8 (D. Md. May 30, 2024) (citing *Smith*, 601 U.S. at 476 n.2).  As such, the Court will stay this action as to GM Financial only.  *Cf. Steele v. FreedomRoads, LLC*, No. 1:23-CV-00816, 2025 WL 3004609 (M.D.N.C. Oct. 27, 2025) (staying the case pending arbitration where pro se plaintiff never addressed whether the case should be dismissed or stayed); *Reed v. LTN Glob. Commc'ns, Inc.*, Civ. No. JRR-24-03649, 2025 WL 2653196, at *11 (D. Md. Sept. 16, 2025) (exercising the Court's discretion to stay rather than dismiss the matter during the pendency of arbitration, despite the defendant's request for dismissal).  Plaintiff's claims against Trans Union and Experian will proceed.

## IV.    **CONCLUSION**

For the foregoing reasons, GM Financial's motion to compel arbitration, ECF 9, is GRANTED.

A separate implementing order will issue.

Dated: <u>June 26, 2026</u>                                                        <u>        /s/        </u>
                                                                                       Brendan A. Hurson
                                                                                       United States District Judge

11